IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICK WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13-CV-49-WHA |
| | ) | [WO] |
| C.O.I COPPAGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff brings this 42 U.S.C. § 1983 action against Warden Frank Albright, and Correctional Officer Kenneth Coppage and Adrian Urquhart.[1] Caught in the crosshairs of an altercation between another inmate and Defendants Coppage and Urquhart, Plaintiff asserts a claim of excessive force in violation of his Eighth Amendment right to be free from cruel and unusual punishment. He seeks damages and injunctive relief.

Defendants filed an answer, special report, and supporting evidentiary materials addressing Plaintiff's claims for relief. Doc. 12. The court then informed Plaintiff that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner to respond to a motion for summary judgment. Doc. 13. Plaintiff took advantage of the opportunity granted to file a response to the special report filed by Defendants. Docs. 14, 18. This case is now pending on Defendants' motion for summary judgment. Upon consideration of the motion, the evidentiary materials filed in support

---

[1] Plaintiff filed this action while housed at the Bullock Correctional Facility in Union Springs, Alabama, complaining about actions which occurred while he was incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama. During the pendency of this action Plaintiff was released from custody.

thereof, and Plaintiff's opposition to the motion, the court concludes that Defendants' motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the nonmoving party has failed to present evidence to support some element on which it bears the ultimate burden of proof.  *Id*. at 322-324.

Defendants have met their evidentiary burden. Therefore, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists.  *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required [by citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary

judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-594 (11th Cir. 1995) (internal quotation marks omitted) (Once the moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or sworn statements], or by depositions, answers to interrogatories, and admissions on file," demonstrate that there is a genuine dispute of material fact.). This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Public Education for Bibb County*, 495 F.3d 1306, 1313 (11th Cir. 2007).

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263. Consequently, to survive Defendants' properly supported motion for summary judgment, Plaintiff must produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986); Fed. R. Civ. P. 56(e). "If the evidence [on which the nonmoving party relies] is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-250 (internal

citations omitted).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).  Conclusory allegations based on subjective beliefs likewise cannot create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment.  *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions . . . in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment.");  *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond his own conclusory allegations challenging actions of the defendants);  *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment . . . .").  Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 323 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.");  *Barnes v. Southwest Forest Industries, Inc*., 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the *prima facie* case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law

applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dept. of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citations omitted). Evidence before the court that is admissible on its face, or evidence that can be reduced to an admissible form, indicates that there is no genuine dispute of material fact and establishes the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials, and affidavits before the court show there is no genuine dispute as to a requisite material fact.); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  Here, Plaintiff has failed to demonstrate a requisite genuine dispute of material fact against Defendants to preclude summary judgment.  *Matsushita*, *supra*.

## II.  DISCUSSION

### A. Declaratory and Injunctive Relief

Plaintiff's request for injunctive relief against Defendants is due to be dismissed as moot. Plaintiff is no longer incarcerated.  The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief.  *See Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the court that Plaintiff is no longer incarcerated, his request for equitable relief is moot.

### B. Eighth Amendment Claim

Plaintiff alleges he was startled from his sleep around 10:30 p.m. on November 28, 2012, when Defendants Urquhart and Coppage and another inmate who were engaged in a physical altercation fell across his bed. Although not involved in the incident, Plaintiff complains he was kicked and hit as a result of the phsysical exchange between the officers and the inmate.  When he managed to "gather [his] physical senses," Plaintiff removed himself from the melee at which time he observed blood on his leg and felt severe pain.  A correctional officer subsequently escorted Plaintiff to the infirmary for a body chart. Medical personnel applied a "really big Band-aid" to his leg, gave him some ibuprofen, and scheduled him for x-rays. When he filed his complaint almost two months after the incident occurred, Plaintiff states he was still pursuing

medical attention and further x-rays for constant pain and asserts the incident also caused him emotional distress. Doc. 1.

Defendants' evidence reflects that at a little after 10 p.m. on November 28, 2012, Defendant Coppage and inmate Joe Brown became involved in a physical altercation. As Defendant Coppage and inmate Brown struggled, they fell across Plaintiff as he lay sleeping in his bed. Several correctional officers, including Defendant Urquhart, responded to the scene of the incident at which time Defendant Coppage and inmate Brown were separated. Both Defendant Coppage and inmate Brown sustained minor injuries and were taken to the infirmary for a body chart. Plaintiff alerted correctional officials to the fact he also had been injured during the incident. He was escorted to the infirmary for a body chart. Medical personnel examined Plaintiff and found he had a minor abrasion to his right shoulder, right knee, and right ankle. Plaintiff informed medical personnel that he had previously suffered injuries to his right shoulder and right ankle. (Doc. 12, Exh. A) at 2-11, Exhs. B-D.

Plaintiff claims Defendants Coppage and Urquhart subjected him to a malicious and sadistic use of force which caused him to sustain injuries. Claims of excessive force by prison officials against convicted inmates are governed by the Eighth Amendment's proscription against cruel and unusual punishment. *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). In this case, Plaintiff's allegation of excessive force targets behavior which occurred during a prison disturbance.  Where a prison security measure is undertaken allegedly for the protection of prison officials and the inmate population, force is deemed legitimate as long as it is "applied in a good faith effort to maintain or restore discipline and [not] maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). A prison official violates the Eighth Amendment only when the

deprivation is "sufficiently serious" and the prison official has a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

According to Plaintiff's own account, he had been asleep when the altercation broke out between Defendant Coppage and inmate Brown. He only awoke after they fell onto his bed. The struggle between the guard and inmate resulted in an erratic punch and/or kick which unintentionally struck Plaintiff amounts to negligence or recklessness, at most.  Plaintiff's own pleadings fail to reflect that he was struck intentionally during the disturbance.  His use of the phrases "sadistic and malicious," and "deliberate indifference," will not transform his allegations from one of negligence to an Eighth Amendment claim for cruel and unusual punishment. The fact that the incident complained of occurred in a prison setting likewise does not imbue Plaintiff's claim with constitutional significance.

The evidence before the court and the facts alleged do not show that the altercation between Defendant Coppage and inmate Brown which caused injury to Plaintiff was anything other than purely accidental. That Plaintiff suffered injuries does not turn an accident or act of negligence into an Eighth Amendment violation. *Hernandez v. Florida Dept. of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) ("Allegations of negligent conduct do not state a constitutional claim and thus, are not actionable under § 1983."); *Davis v. Corrections Corp. of Am.*,  2008 WL 539057, at *3 (N.D. Fla. Feb. 22, 2008) (*citing Daniels v. Williams*, 474 U.S. 327 (1986)) ("Individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury or (2) to have the government protect them from such an injury.").  It is undisputed that Plaintiff received prompt and adequate medical attention after the unfortunate incident.  Given the absence of evidence showing Defendants acted purposely to injure Plaintiff and the clearly established law that a prison guard is permitted to use force "in a

good faith effort to maintain or restore discipline," *Whitley*, 475 U.S. at 320, any errant blows inflicted on Plaintiff by Defendants during the altercation with inmate Brown were neither malicious nor sadistic. Defendants are entitled to summary judgment on this claim.

*C. Defendant Albright*

Plaintiff names the Warden of Kilby Correctional Facility as a defendant. A review of the complaint, however, reflects that Plaintiff makes no specific allegations against this defendant.[2] To the extent Plaintiff names Warden Albright as a defendant based on his supervisory role at the time the incident about which he complains occurred, the law is settled that supervisory personnel cannot be liable under 42 U.S.C. § 1983 for the action of their subordinates under a theory of *respondeat superior*. *Monell v. Dept. of Soc. Svces.*, 436 U.S. 658, 691 (1978); *Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990). Instead a plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Because Plaintiff's allegations in the complaint do not allege, much less indicate, that Defendant Albright was personally involved in any of the

---

[2] Any broadening or expansion of his claims in his opposition to Defendants' dispositive motion (*see* Docs. 14, 18) to include other distinct constitutional claims and/or additional claims for relief against Defendant Albright is not properly before the court. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend h[is] complaint through argument in a brief opposing summary judgment.").

alleged constitutional deprivations, nor do any of Plaintiff's assertions establish the requisite causal connection,  Defendant Albright's motion for summary judgment is due to be granted.

### III. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion for summary judgment (Doc. 12)  be GRANTED;

2.  Judgment be ENTERED in favor of Defendants;

3.  This case be DISMISSED with prejudice.

It is further

ORDERED that **on or before March 11, 2016**, the parties may file an objection to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 26th day of February 2016.

/s/  Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE

10